UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE BEVERLY SIGUENZA, | No. 09-4425 MHP |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| PAUL COPENHAVER, warden, | |
| Respondent. | |

Diane Beverly Siguenza, a prisoner at the Camp Parks facility of the Federal Correctional Institution in Dublin, California, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the decision to place her in the segregated housing unit She has not exhausted the BOP's administrative appeals process, however.

Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for writ of habeas corpus. Castro-Cortez v INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006). Nonetheless, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Id. (citations omitted). The requirement may be waived in limited circumstances because it is not a jurisdictional prerequisite. Id.; see, e.g., Laing v Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate).

Siguenza did not exhaust her administrative remedies with the BOP before filing this action, as she was required to do. Siguenza states in her petition that she has not filed an

inmate appeal because "[t]here is no known appeal proceeding available." Petition, p. 3. The administrative grievance and appeals process for prisoners under the custody of the BOP is described at 28 C.F.R. §§ 542.10 - 542.15. The steps required to complete the appeal process include informal presentation of a claim for resolution, request for administrative remedy, appeal to the regional director on a form BP-10, and an appeal to the general counsel on a form BP-11. "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a). The existence of an administrative appeal system shows her first contention to be unpersuasive. Siguenza also argues that, if there was an appeal proceeding available it would be futile because it "could take several months" to complete. Id. at 4. This contention is not credible: she does not explain how she would know the length of the process if she does not know the process exists. Waiver of the exhaustion requirement is not warranted under these circumstances. Further, making use of the administrative appeals process would be particularly helpful here to clarify the issues because the petitioner appears not to know whether she is in segregated housing as a disciplinary or administrative matter, and that matters for purposes of determining the process due her.

    The petition for a writ of habeas corpus under § 2241 is DISMISSED without prejudice to Siguenza filing a new petition after exhausting the BOP's administrative appeals process. The clerk shall close the file.

    IT IS SO ORDERED.

DATED: December 7, 2009

Marilyn Hall Patel
United States District Judge